UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7525

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES KEITH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (CR-97-4; CA-02-135-1)

Submitted: June 30, 2004          Decided: March 22, 2005

Before WIDENER, TRAXLER, and SHEDD, Circuit Judges.

Vacated in part and remanded by unpublished per curiam opinion.

Charles Keith, Appellant Pro Se. Thomas Oliver Mucklow, Assistant United States Attorney, Paul Thomas Camilletti, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

We issued a certificate of appealability in response to Charles Keith's claims that counsel was ineffective for failing to object to jury instructions that he alleged amended the indictment as to Counts 20, 31, and 32 and Counts 5, 6, 7, 14, 15, and 24.

We are of opinion that the jury instructions regarding Counts 20, 31, and 32 and Counts 5, 6, 7, and 14 impermissibly amended the indictment and that counsel was ineffective for failing to object to the jury instructions that constructively amended the indictment.

The indictment charged Keith in Counts 20, 31, and 32 with violating 21 U.S.C. § 843 by using a communication facility to commit drug trafficking crimes, namely distribution of drugs and conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

However, in charging the jury, the district court stated that in order to find Keith guilty on these counts, the jury would have to find that Keith "used a communication facility with the intent to commit or facilitate the commission of the offense of <u>distribution or possession with the intent to distribute a controlled substance</u>." (emphasis added) The court added possession with intent to distribute in the disjunctive as a predicate offense, thereby broadening the indictment.

- 2 -

Possession with intent to distribute and distribution under 21 U.S.C. § 841(a) are two separate offenses. <u>United States v. Randall</u>, 171 F.3d 195, 209 (4th Cir. 1999). Thus, the district court amended the indictment by instructing the jury on possession with intent to distribute when that was not charged by the grand jury. We therefore vacate Keith's conviction on Counts 20, 31, and 32.

Keith was indicted in Counts 5, 6, 7, and 14 with violating 18 U.S.C. § 1956(a)(1)(A) and 18 U.S.C. § 2. He was also charged in Counts 15 and 24 with violating 18 U.S.C. § 1956(a)(1)(A) and 18 U.S.C. § 2, and in addition in Counts 15 and 24 was charged with violating 18 U.S.C. § 1956(a)(1)(B).

Subsection (B) of § 1956(a)(1) includes as an element of the offense "knowing that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."

Even though Keith was indicted for 18 U.S.C. § 1956(a)(1)(B) only in Counts 15 and 24, the district court instructed the jury as to Counts 5, 6, 7, 14, 15, and 24, that "the defendant must engage in the financial transaction with the intent to promote the carrying on of specific unlawful activity or to conceal or disguise the nature, location, source, ownership or control of the proceeds."

Therefore, the district court constructively amended the indictment on Counts 5, 6, 7, and 14 by broadening the bases for conviction to include violation of 18 U.S.C. § 1956(a)(1)(B), when the indictment only charged Keith in those counts with violating 18 U.S.C. § 1956(a)(1)(A) and 18 U.S.C. § 2. We therefore vacate Keith's conviction on Counts 5, 6, 7, and 14.

The conviction of Keith is otherwise not disturbed, but on remand Keith may be resentenced if the district court be so advised.

The government may reindict and retry Keith, on correct instructions, on Counts 5, 6, 7, 14, 20, 31, and 32 should it be so advised. See <u>United States v. Polowichak</u>, 783 F.2d 410, 417 (4th Cir. 1986).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED IN PART</u>
<u>AND REMANDED</u>